**\*\* E-filed January 14, 2010 \*\***

Charles L. Post, State Bar No. 160443
James Kachmar, State Bar No. 216781
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California  95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiff
FAFCO, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAFCO, Inc., a California corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ENERGY LABORATORIES, INC. (a/k/a ) <br> ENERGY LABS, INC.), a Florida Corporation; ) <br> SCOTT CZEWSKI, an Individual; and DOES ) <br> 1 through 20, inclusive, ) <br> ) <br> Defendants, ) <br> ) <br> ) | Case No. C-09-04861 JW <br><br> STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND DOCUMENTS; [PROPOSED] ORDER THEREON **AS AMENDED BY THE COURT** <br><br> Complaint Filed:  October 13, 2009 |

Subject to the approval of this Court, plaintiff FAFCO, Inc. ("Plaintiff) and defendants Energy Laboratories, Inc. and Scott Czewski (collectively "Defendants") (hereinafter the "Parties"), hereby stipulate and agree to enter into the following "Protective Order" that will apply to confidential information and documents produced in this litigation.

The Parties agree that the entry into this Protective Order regarding the disclosure of Confidential Information by any officer, director, manager or employee of Energy Laboratories, Inc. shall not constitute a consent to jurisdiction of the Court by Energy Laboratories, Inc. **The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.**

1. **Confidential Information**: Confidential information ("Confidential Information") shall mean any confidential business or commercial information, including, but not limited to, trade secrets and other confidential and proprietary research, development, and commercial information, as well as non-public financial information and/or information protected by the right to privacy under any state or federal law, **that are entitled to protection under Federal Rule of Civil Procedure 26(c).** ~~and shall include all discovery responses provided by any party to this action, including without limitation any document produced, any interrogatory answered, any response to a request for admission, or any deposition testimony given by a party or a third-party witness, whether or not such information is specifically marked, labeled, stamped or otherwise designated as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" by the producing party~~. Confidential Information shall also include any document attached as an exhibit to a pleading filed with or otherwise submitted to the Court which has been specifically marked, labeled, stamped or otherwise designated as "Confidential" by the submitting party **under the applicable legal principles to treatment as confidential.** The parties anticipate that certain third party witnesses may be required to produce documents and provide testimony under subpoena in this case ("Producing Witnesses"). They may also be required to produce documents in this case which the Producing Witnesses, in good faith, regard as trade secret, confidential, sensitive, proprietary or private **and that are entitled to protection under the applicable legal principles to treatment as confidential.**

2. **Confidential Documents**: For documents, materials, and other tangible items, a party or Producing Witness shall designate **the specific material that qualifies under the appropriate standards** ~~such information~~ as Confidential Information by stamping each page or item containing Confidential Information as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only." Where there are multiple-page documents, stamping the first page of the multiple-page document with the words "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" will be sufficient to designate the entire document with the designation contained on the first page. **A Designating Party must take care to designate for protection only those parts of documents, materials, and items that qualify, so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Order.**

   a. For deposition testimony (including transcripts and videotapes), a party or Producing Witness can either designate **the portions of such testimony that qualifies as** ~~such~~ Confidential Information as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" on the record, or within ten days after receipt of the deposition by providing written notification to the

{1172327.DOC;}                                        2                              Stipulated Protective Order;
                                                                                     ~~[Proposed]~~ Order Thereon

opposing counsel or other counsel of the designation of particular pages and line numbers of the deposition as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only." Such party or Producing Witness may require the reporter to label the portions of the transcript containing the information as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only."

      b.    For information maintained in computer-readable or electronic media such as diskettes, a party or Producing Witness shall designate such information as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" by stamping the appropriate designation on the outside of the diskette or other information containing the computer-readable or other electronic information.

A party's or Producing Witness's inadvertent or unintentional failure to designate information as either "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only," shall not be deemed a waiver in whole or in part of that party's or Producing Witness's claim of confidentiality of the disclosing party or Producing Witness provided the disclosing party or Producing Witness takes prompt action after discovery of such omission to notify all parties in writing that such information constitutes "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" information.  Nothing contained herein shall preclude a party from showing its information that the party has previously designated as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential-Outside Counsels' Eyes Only" information to any person or entity it chooses.

      3.    Except with prior written consent of the party who authored, created, produced or otherwise generated such information, information marked, labeled, stamped or otherwise designated as "**Confidential**" (including, but not limited to, summaries, copies, or extracts thereof) shall not be shown or disclosed to anyone except the following parties:

      a.    The parties and parties' counsel of record and their co-counsel, if any, as well as their respective support staff, clerical and/or administrative personnel, secretaries and paralegals;

      b.    Deponents in a deposition;

1     c.     Any person who is expressly retained by a party, or such party's counsel for the sole purpose of providing expert consultation of testimony in this action;

    d.     Any person or entity who is expressly retained by a party, or such party's counsel to provide investigative services in connection with this action;

    e.     The Judge, Arbitrator or a court-appointed mediator in this action, and other court personnel; and

    f.     Certified court reporters acting as such.

    **g.     Anyone as may be ordered by the Court.**

4.     Except with the prior written consent of the party who has authored, created, produced or otherwise generated such information, information marked, labeled, stamped or otherwise designated as "**Confidential-Attorneys' Eyes Only**" information (including, but not limited to summaries, copies or extracts thereof) shall not be shown or disclosed to anyone except the following parties:

    a.     In-house or outside attorneys for a party, and employees of such attorneys, for purposes of assisting in the action as well as their respective support staff, clerical and/or administrative personnel, secretaries and paralegals;

    b.     Deponents in a deposition;

    c.     Any person who is expressly retained by a party, or such party's counsel for the sole purpose of providing expert consultation of testimony in this action;

    d.     Any person or entity who is expressly retained by a party, or such party's counsel to provide investigative services in connection with this action;

    e.     The Judge, Arbitrator or a court-appointed mediator in this action and other court personnel; and

    f.     Certified court reporters acting as such.

    **g.     Anyone as may be ordered by the Court.**

Information marked, labeled, stamped or otherwise designated as "Confidential-Attorneys' Eyes Only" information shall not be shown and/or disclosed to the non-producing party/parties **, unless as ordered by the Court.**

5.     Except with the prior written consent of the party who has authored, created, produced or otherwise generated such information, information marked, labeled, stamped or

otherwise designated as "**Confidential-Outside Counsels' Eyes Only**" information (including, but not limited to summaries, copies or extracts thereof) shall not be shown or disclosed to anyone except the following parties:

  a. Outside attorneys for a party, and employees of such attorneys, for purposes of assisting in the action as well as their respective support staff, clerical and/or administrative personnel, secretaries and paralegals;

  b. Deponents in a deposition;

  c. Any person who is expressly retained by a party, or such party's counsel for the sole purpose of providing expert consultation of testimony in this action;

  d. Any person or entity who is expressly retained by a party, or such party's counsel to provide investigative services in connection with this action;

  e. The Judge, Arbitrator or a court-appointed mediator in this action and other court personnel; and

  f. Certified court reporters acting as such.

  **g. Anyone as may be ordered by the Court.**

Information marked, labeled, stamped or otherwise designated as "Confidential-Outside Counsels' Eyes Only" information shall not be shown and/or disclosed to the non-producing party/parties and/or in-house counsel for the non-producing party**, unless as ordered by the Court.**

  6. The Designating Party has the burden, upon **a good-faith** challenge by any other Party, of showing that the designated Discovery Material, is entitled to protection under Federal and/or California law.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Any Party may ~~object~~ **initiate a challenge** to any Party's designation of the Discovery Material under this Protective Order **by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient alone)** ~~in writing delivered to~~ **with** counsel for the Designating Party.

  a. Within five (5) business days of ~~the service of such written objection~~ **receiving notice of an objection**, the Designating Party shall serve counsel for the challenging Party with a written explanation that supports the basis for retaining the "Confidential," "High Confidential – Outside Attorneys'

1  Eyes Only" or "Highly Confidential - Attorneys' Eyes Only" designation as to the challenged
2  Discovery Material. ~~The written objection by the challenging Party and the written explanation~~
3  ~~by the designating Party shall satisfy the meet and confer requirements of the Code of Civil~~
4  ~~Procedure for the bringing of a motion to compel to challenge the confidentiality designation~~
5  ~~of the challenged Discovery Material.~~

        b.    After the meet and confer process is completed or deemed completed, a Party that elects to press a challenge to a confidentiality designation after considering the written justification offered by the Designating Party may file and serve a motion to compel that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that attaches a copy of the written objection by the challenging Party and the written explanation by the designating Party.

Notwithstanding the fact that the Receiving (or challenging) Party has brought the motion to compel, the burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    The Parties counsel of record, for themselves and for their co-counsel, if any, agree to be bound by the terms and conditions of this Protective Order. Before providing "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential-Outside Counsels' Eyes Only" information to any other person or entity as described in sub-paragraphs 3c, 3d, 4c, 4d, 5c or 5d above, the parties of counsel providing such "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" information, shall first advise the recipients that such information is being disclosed pursuant to and subject to the terms of this Protective Order, and that the sanctions for any violation of the Protective Order include penalties which may be imposed by the Court for contempt. Such persons shall also be advised of the terms of this Protective Order, be provided with a copy of this Protective Order and execute a Non-Disclosure Agreement in the form attached hereto as "Exhibit A" prior to being provided such information. Furthermore, such information shall be provided subject to

the limitations and restrictions of paragraph 8, below.

8. All persons having access to "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" information authored, created, produced or otherwise generated by an adverse party, shall treat such information and/or document as strictly confidential and shall not permit access to such information except as specifically authorized by this Protective Order. Said information shall not be discussed with anyone other than the counsel seeking permission to disclose the information pursuant to paragraph 6, and such information shall be used solely for the prosecution or defense of this action and not for any business or any other purpose whatsoever, including without limitation, the prosecution or defense of any other arbitration, litigation or other proceeding or the investigation or assertion, in any form or forum whatsoever, of any claim, counterclaim or other cause of action not asserted in the present action. Nor shall such information be used by the parties' counsel, directly, or indirectly, to solicit new litigation business or to enter into new client relationships.

9. A party who intends to file a pleading, brief, transcript or other document with the Court that contains, refers to or attaches Confidential Information shall comply with the Federal Rules of Civil Procedure and/or the Local Rules of the Northern District of California, as applicable, ~~regarding the filing of~~ **to seek leave from the Court to file** documents under seal.

10. Nothing in the Protective Order shall prevent any party from:

   a. seeking a modification of this Protective Order for good cause shown, provided, however, that any modification which permits broader disclosure of "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" information than that contemplated herein shall require the approval of the Court and shall be formulated in such a way as to minimize the disclosure of such information and to provide adequate safeguards against the improper use of such material;

   b. requesting such supplemental orders as may be necessary to implement the intention of this Protective Order; or

   c. objecting to discovery which it believes to be otherwise improper.

11. Nothing in this Protective Order shall be construed to require the disclosure of

information, documents or other tangible things that are protected from disclosure by the attorney-client privilege, the attorney-work product doctrine or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or things that it contends is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine or any other identified, applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted-Privileged." In the event that a Party inadvertently or mistakenly produces information, documents or tangible things that are protected from disclosure under the attorney-client privilege, the attorney-work product doctrine or any other identified, applicable privilege or immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, attorney-work product doctrine or other indentified, applicable privilege or immunity. A producing Party may promptly (from the time when the producing party discovers that is has inadvertently or mistakenly produced such information) notify all receiving Parties of the inadvertent production in writing and request that the inadvertently produced information, documents or tangible things be returned to the Producing Party. Within three (3) business days of receiving such notice and request, all receiving Parties shall return or destroy the inadvertently or mistakenly produced information, documents or tangible things identified by the producing Party. The receiving Party may retain one copy of such material for the sole purpose of submitting the material to the Court **to seek leave to file the material** under seal in connection with the receiving Party's challenge to the producing Party's claim that such information, documents or tangible things are protected from disclosure by the attorney-client privilege, the attorney-work product doctrine or any other identified, applicable privilege or immunity.

12. The obligation to maintain the confidentiality of "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" information shall continue indefinitely following the final disposition of this action, unless and until the party who authored, created or otherwise generated such "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential- Outside Counsels' Eyes Only" information consents in writing to its

**For a period of six months after the final termination of this action, this Court will retain jurisdiction to enforce the terms of this Order.**

1  disclosure or such information is published or disseminated to the general public by said party.

2  13. This Protective Order shall not apply to the disclosure of Confidential Documents or the information contained therein at the time of trial, through the receipt of Confidential Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties.

14. To the extent reasonably foreseeable, if a party intends to disclose any Confidential Document or any information contained therein during the trial of this case, that party shall give written notice to counsel for the Producing Party of such intent and shall identify such Confidential Documents or information to be so disclosed at least forty-five (45) days before the date this case is set for trial, so that the Producing Party might take any steps it deems necessary to protect the confidential nature of any Confidential Document or any information contained therein that may be disclosed at trial.

15. The parties shall work together to establish procedures to assure continued confidentiality of any Confidential Document or any information contained therein to be offered at the trial of this case.

16. All "Confidential Documents" produced or disclosed in this action shall be used solely for the purposes of preparation for and the trial of this action. Under no circumstances shall information or materials covered by this Order be disclosed to anyone other than those persons set forth in paragraphs 3, 4 and 5, above. All Confidential Documents shall be maintained under the control of and accounted for by the attorney, party or other entity or person receiving them. Upon entry of judgment or dismissal of this action, any attorney, party or other entity or person receiving any Confidential Document shall promptly: (1) return to counsel for the producing party all Confidential Document produced in this action or provide certification of destruction of all Confidential Documents and all documents incorporating information from Confidential Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than

attorney work product; (2) return or provide certification of destruction of all DVDs, CDs or other media containing or incorporating Confidential Documents; (3) return or provide certification of destruction of all Confidential Documents and all documents incorporating information from Confidential Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product that has been stored on any portable media (DVD, CD, USB flash drive, etc.); (4) provide certification of deletion of Confidential Documents and all documents containing information from Confidential Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person from all systems, applications, hard drives, servers, web-based or other storage repositories of any type; and (5) provide assurance that no steps will be taken at any time in the future to restore deleted Confidential Documents and all documents containing information from Confidential Documents, and that any inadvertent violation of this assurance and steps taken to remedy it will be promptly reported to the other party.  Independent experts and consultants retained by a party for the preparation or trial of this case that have received Confidential Documents shall return to the producing party or provide certification of destruction of all Confidential Documents and all documents incorporating information from Confidential Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product.  Notwithstanding the foregoing, outside counsel of record may retain copies of briefs and other papers filed with the Court as well as attorney work-product that contains or constitutes "Confidential", "Confidential – Attorneys' Eyes Only" or "Confidential – Outside Counsels' Eyes Only" Confidential Information so long as such briefs and other papers are maintained in confidence in accordance with the provisions of this Protective Order.  Furthermore, each outside counsel of record may retain a litigation set of all materials produced during discovery in this action, including documents and tangible items containing Confidential Information, so long as that counsel maintains the confidence of those archived discovery materials in accordance with the requirements of this Protective Order.

17. This Protective Order and any modification hereof may be enforced by the Court and any violation may be remedied by payment of such sums as the Court deems appropriate.

IT IS SO STIPULATED:

Dated: January 11, 2010						WEINTRAUB GENSHLEA CHEDIAK

By: _____/s/ - Charles L. Post_____
      Charles L. Post

Attorneys for Plaintiff, FAFCO, Inc.

Dated: January 11, 2010						SMITH, GAMBRELL & RUSSELL, LLP

By: ____/s/ - Patricia J. Hill_____
      Patricia J. Hill

Attorneys for Defendant ENERGY LABS, INC.

Dated: January 11, 2010						COLT / WALLERSTEIN LLP

By: ____/s/ - Doug Colt_____
      Doug Colt

Attorneys for Defendant SCOTT CZEWSKI

[~~PROPOSED~~] ORDER

Pursuant to the stipulation of the parties as set forth above, and good cause appearing therefore, IT IS SO ORDERED.

DONE AND ORDERED this __14__ day of _____January_____, 2010.

_____
HON. **HOWARD R. LLOYD**
UNITED STATES **MAGISTRATE** JUDGE

EXHIBIT A

ACKNOWLEDGEMENT OF RECEIPT

AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ hereby certify that I have read the Protective Order entered by the Court in the action entitled: FAFCO, Inc. v. Energy Labs, et al., Case No. C-09-04861 JW and agree to be bound by all of its terms as they apply to me.

I further certify I will fully comply with the Order and all of its terms and restrictions as such shall apply to me. I agree that I shall (i) not disclose Confidential Documents or any information contained therein to anyone other than persons permitted to have access to such material pursuant to the terms and restrictions of the Order, (ii) not use the Confidential Documents or any information contained therein for any purpose other than this litigation, and (iii) maintain the appropriate security as to Confidential Documents or any information contained therein made available to me and restrict access thereto. I further agree that, upon termination of this action, or sooner if so requested, I shall return to counsel for the Producing Party, all Confidential Documents provided to me, including all paper and electronic copies and excerpts thereof.

I understand that violation of these conditions of the Order may be punishable by contempt of Court and I waive any objection to the Court's jurisdiction in any action to enforce the obligations imposed on me by the Order.

Dated: _____  _____
Name

_____
Address

_____
City, State, Zip

Phone: _____